McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>RUVILA ELIZABETH LIMA, *et al.*,<br><br>              Defendants. | CASE NO. 2:17-CR-00212 MCE<br><br>AMENDED STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: June 20, 2019<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

1. By previous order, this matter was set for status on June 20, 2019.

2. By this stipulation, defendant Poya Khanjan, through his respective counsel of record, now moves to continue the status conference until August 1, 2019, and to exclude time between June 20, 2019, and August 1, 2019, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The United States has represented that the discovery associated with this case includes, collectively, investigative reports, electronic discovery obtained from the search of various electronic devices, records from the California Department of Motor Vehicles, and records from telephone providers and banks that exceed 2,000 pages, all of which is subject to a protective order. Counsel for Khanjan substituted in on July 30, 2018, and was provided discovery subsequent to that date after executing the protective order in the case so as to receive the discovery.

b) Counsel for defendant requires more time to consult with his client, to conduct additional investigation and research related to the charges, including potential immigration consequences, to discuss potential resolution with his client, and to research pretrial motions and defenses, along with issues associated with the Sentencing Guidelines.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The United States does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 20, 2019 to August 1, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

///
///
///
///
///
///
///

| | | |
|---|---|---|
| Dated: June 28, 2019 | | McGREGOR W. SCOTT<br>United States Attorney |
| | | */s/ Rosanne L. Rust*<br>ROSANNE L. RUST<br>Assistant United States Attorney |
| Dated: June 28, 2019 | | */s/ Steve Whitworth (as authorized)*<br>STEVE WHITWORTH<br>Counsel for Defendant<br>POYA KHANJAN |

**ORDER**

IT IS SO ORDERED.

Dated: July 2, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE