McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>POYA KHANJAN, AKA<br>     "SAMEER,"<br><br>                    Defendant. | CASE NO. 2:17-CR-00212 MCE<br><br>STIPULATION TO SET MATTER FOR TRIAL AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |

**STIPULATION**

1. By previous order, this matter was set for a status hearing on April 30, 2020, which the Court moved to May 7, 2020 on its own motion (ECF No. 93).

2. By this stipulation, defendant Poya Khanjan, through his counsel of record, and the United States now move to supersede ECF No. 93, and request that defendant's matter be set for a trial confirmation hearing on September 10, 2020, at 10:00 a.m., and that the status hearing set for May 7, 2020 be vacated. The parties also request that this case be set for jury trial on October 19, 2020.

3. Further, defendant also moves to exclude time between April 30, 2020, and October 19, 2020, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

    a) The United States has represented that the discovery associated with this case includes, collectively, investigative reports, electronic discovery obtained from the search of various

STIPULATION RE: SPEEDY TRIAL ACT; ORDER               1

electronic devices, audio files (many of which are in a foreign language), records from the California Department of Motor Vehicles, and records from telephone providers and banks that exceed 2,000 pages, all of which is subject to a protective order. The discovery also contains other physical evidence seized from various search warrant locations. In anticipation of trial, the United States will continue to produce any additional discovery that is generated as the United States prepares for trial.

      b) Counsel for defendant desires additional time to review discovery, including the physical evidence and that which will be produced up to the trial date, consult with his client who resides in North Carolina currently, to conduct investigation and research related to the charges, to prepare pretrial motions, and to otherwise prepare for trial. Counsel also requests additional time to further discuss with his client and his client's immigration counsel the potential immigration consequences.

      c) Further, defense counsel is not available for trial until October 19, 2020, given his trial calendar in both state and federal court, and commitments in other cases, including working on litigation related to the COVID-19 pandemic. Defense counsel also has personal or familial obligations that impact his availability to be prepared to try the case before October 2020.

      d) Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would deny his client continuity of counsel.

      e) The United States does not object to the defendant's request.

      f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 30, 2020, to October 19, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 16, 2020

McGREGOR W. SCOTT
United States Attorney

*/s/ Rosanne L. Rust*
ROSANNE L. RUST
Assistant United States Attorney

Dated: April 16, 2020

*/s/ Steve Whitworth (as authorized)*
STEVE WHITWORTH
Counsel for Defendant
POYA KHANJAN

**ORDER**

IT IS SO ORDERED.

Dated: April 21, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE