McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>POYA KHANJAN, AKA "SAMEER,"<br><br>　　　　　　　　　　Defendant. | CASE NO. 2:17-CR-00212 MCE<br><br>STIPULATION TO SET MATTER FOR STATUS HEARING REGARDING TRIAL SETTING AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

**STIPULATION**

1.　On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]

2.　California has continued to take action to combat the ongoing COVID-19 pandemic, which, as of September 7, 2020, has infected 735,235 California residents, resulting in the deaths of 13,726 Californians.  https://covid19.ca.gov/.  The United States reported over 6.2 million cases of

---
[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1

COVID-19, with over 188,000 deaths.  https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html.  On July 12, the Governor and California Department of Public Health expanded closures of certain indoor businesses and operations in 29 counties.  https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-158.aspx.

3. By previous order, this matter was set for a trial confirmation hearing on September 10, 2020, and a jury trial on October 19, 2020.  ECF No. 95.  After setting those dates, the Court, on its own motion, vacated the trial date given the current pandemic and resulting court closure under the applicable General Order; the Court also reset the trial confirmation hearing as a status hearing regarding trial setting (ECF No. 98).

4. By this stipulation, defendant Poya Khanjan, through his counsel of record, and the United States now move to request that defendant's matter be set for a future status hearing regarding trial setting on November 12, 2020, at 10:00 a.m., and that current status hearing set for September 10, 2020, at 10:00 a.m. be vacated.

5. Further, defendant also moves to exclude time between September 10, 2020, and November 12, 2020, under Local Code T4.

6. The parties agree and stipulate, and request that the Court find the following:

a) The United States has represented that the discovery associated with this case includes, collectively, investigative reports, electronic discovery obtained from the search of various electronic devices, audio files (many of which are in a foreign language), records from the California Department of Motor Vehicles, and records from telephone providers and banks that exceed 11,000 pages, all of which is subject to a protective order.  The discovery also contains other physical evidence seized from several search warrant locations.  In anticipation of trial, the United States will continue to produce any additional discovery that is generated as the United States prepares for trial.

b) Counsel for defendant desires additional time to review discovery, including the physical evidence and that which will be produced up to the trial date, consult with his client who still resides in North Carolina currently, to conduct investigation and research related to the charges, to continue to prepare pretrial motions, and to otherwise prepare for trial.  Counsel also requests additional

1  time to further discuss with his client and his client's immigration counsel the potential immigration
2  consequences.

3    c) Further, defense counsel is not available for a status hearing on September 10,
4  2020, given his trial calendar in both state and federal court, and commitments in other cases, including
5  working on continued litigation related to the COVID-19 pandemic.  Defense counsel also has personal
6  or familial obligations that impact his availability before November 12, 2020.

7    d) Counsel for defendant believes that failure to grant the above-requested
8  continuance would deny counsel the reasonable time necessary for effective preparation, taking into
9  account the exercise of due diligence, and would deny his client continuity of counsel.

10    e) The United States does not object to the defendant's request.

11    f) Based on the above-stated findings, the ends of justice served by continuing the
12  case as requested outweigh the interest of the public and the defendant in a trial within the original date
13  prescribed by the Speedy Trial Act.

14    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
15  et seq., within which trial must commence, the time period of September 10, 2020, to November 12,
16  2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]
17  because it results from a continuance granted by the Court at defendant's request on the basis of the
18  Court's finding that the ends of justice served by taking such action outweigh the best interest of the
19  public and the defendant in a speedy trial.

20 7. Nothing in this stipulation and order shall preclude a finding that other provisions of the
21  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
22  must commence.

23 IT IS SO STIPULATED.

25  Dated:  September 7, 2020    McGREGOR W. SCOTT
            United States Attorney

            */s/ Rosanne L. Rust*
            ROSANNE L. RUST
            Assistant United States Attorney

3

Dated: September 7, 2020

*/s/ Steve Whitworth (as authorized)*
STEVE WHITWORTH
Counsel for Defendant
POYA KHANJAN

## FINDINGS AND ORDER

The Court has read and considered the parties' Stipulation. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus. Time is excluded under the Speedy Trial Act between September 10, 2020, and November 12, 2020.

IT IS SO ORDERED.

Dated: September 9, 2020

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE