PHILLIP A. TALBERT
Acting United States Attorney
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>POYA KHANJAN, AKA "SAMEER,"<br><br>Defendant. | CASE NO. 2:17-CR-00212 MCE<br><br>**STIPULATION TO SET MATTER FOR STATUS HEARING REGARDING TRIAL SETTING AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER** |

**STIPULATION**

1. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]

2. California has continued to take action to combat the ongoing COVID-19 pandemic, which, as of March 7, 2021, has infected 3,497,578 California residents, resulting in the deaths of 53,866 Californians. https://covid19.ca.gov/. The United States reported over 28 million cases of

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1

1  COVID-19, with over 521,294 deaths.  https://www.cdc.gov/coronavirus/2019-ncov/cases-
2  updates/cases-in-us.html.

3      3.     By previous order, this matter was set for a trial confirmation hearing on September 10,
4  2020, and a jury trial on October 19, 2020.  ECF No. 95.  After setting those dates, the Court, on its own
5  motion, vacated the trial date given the current pandemic and resulting court closure under the
6  applicable General Order; the Court also reset the trial confirmation hearing as a status hearing
7  regarding trial setting (ECF No. 98).

8      4.     The parties then moved to request the defendant's matter be set for a future status hearing
9  regarding trial setting on November 12, 2020, at 10:00 a.m. (ECF No. 100) instead of September 10,
10  2020.  The Court granted the parties' request and reset the status for November 12, 2020.  ECF No. 101.

11      5.     In early November, the parties again asked the Court to reset the status hearing regarding
12  trial on January 7, 2021.  ECF No. 104.

13      6.     In early January, based on several factors, the parties asked the Court to reschedule the
14  status hearing regarding trial to March 11, 2021.  ECF No. 106.  The Court granted that request, and
15  reset the status hearing for March 11, 2021.  ECF No. 107.

16      7.     By this stipulation, defendant Poya Khanjan, through his counsel of record, and the
17  United States now move to request that defendant's matter be set for a future status hearing regarding
18  trial setting on June 24, 2021, at 10:00 a.m., and that current status hearing set for March 11, 2021, at
19  10:00 a.m. be vacated.

20      8.     Further, defendant also moves to exclude time between March 11, 2021, and June 24,
21  2021, under Local Code T4.

22      9.     The parties agree and stipulate, and request that the Court find the following:

23      a)     The United States has represented that the discovery associated with this case
24  includes, collectively, investigative reports, electronic discovery obtained from the search of various
25  electronic devices, audio files (many of which are in a foreign language), records from the California
26  Department of Motor Vehicles, and records from telephone providers and banks that exceed 11,000
27  pages, all of which is subject to a protective order.  The discovery also contains other physical evidence
28  seized from several search warrant locations.  In anticipation of trial, the United States will continue to

produce any additional discovery that is generated as the United States prepares for trial.

b) Counsel for defendant desires additional time to review discovery, including the physical evidence and that which will be produced up to the trial date, consult with his client who still resides in North Carolina currently, but who plans to come out and review the discovery in person with his counsel again, to conduct investigation and research related to the charges, to continue to prepare pretrial motions, and to otherwise prepare for trial. Counsel also requests additional time to continue discussing with his client and his client's immigration counsel the potential immigration consequences. Defense counsel has also recently been in a multi-week state, criminal trial that has taken much of his time to prepare for and then litigate, limiting his availability to work on this case.

c) Further, defense counsel is not available for a status hearing on March 11, 2021, given his trial calendar in state court, and commitments in other cases, including working on continued litigation related to the COVID-19 pandemic. Defense counsel also has personal or familial obligations that have impacted his availability the past several weeks, and will continue to do so before March 11, 2021.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would deny his client continuity of counsel.

e) The United States does not object to the defendant's request.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 11, 2021, to June 24, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

10. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 10, 2021

PHILLIP A. TALBERT
Acting United States Attorney

*/s/ Rosanne L. Rust*
ROSANNE L. RUST
Assistant United States Attorney

Dated: March 10, 2021

*/s/ Steve Whitworth (as authorized)*
STEVE WHITWORTH
Counsel for Defendant
POYA KHANJAN

## ORDER

The Court has read and considered the parties' Stipulation. The Status Re: Trial Setting set for March 25, 2021, is hereby **VACATED** and **CONTINUED** to **June 24, 2021**. The Court hereby finds that the Stipulation, which the Court incorporates by reference into this Order, demonstrates facts that provide a basis to exclude time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]. Time is excluded under the Speedy Trial Act between March 11, 2021, and **June 24, 2021** for the reasons set forth above.

**IT IS SO ORDERED**.

Dated: March 11, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

4