PHILLIP A. TALBERT
Acting United States Attorney
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:17-CR-00212 MCE |
| Plaintiff, | STIPULATION TO SET MATTER FOR STATUS HEARING REGARDING TRIAL SETTING AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| POYA KHANJAN, AKA "SAMEER," | |
| Defendant. | |

**STIPULATION**

1.      By previous order, this matter was set for a trial confirmation hearing on September 10, 2020, and a jury trial on October 19, 2020.  ECF No. 95.  After setting those dates, the Court, on its own motion, vacated the trial date given the current pandemic and resulting court closure under the applicable General Order;[1] the Court also reset the trial confirmation hearing as a status hearing regarding trial setting (ECF No. 98).

2.      The parties then moved to request the defendant's matter be set for a future status hearing regarding trial setting on November 12, 2020, at 10:00 a.m. (ECF No. 100) instead of September 10,

---

[1]      On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court allowed district judges to continue all criminal matters to a date after May 2, 2021.  These past orders have now been replaced this month by General Order 631, which reopened the courthouse on June 14, 2021.

1

1    2020.  The Court granted the parties' request and reset the status for November 12, 2020.  ECF No. 101.

2        3.    In early November, the parties again asked the Court to reset the status hearing regarding

3    trial on January 7, 2021.  ECF No. 104.

4        4.    In early January, based on several factors, the parties asked the Court to reschedule the

5    status hearing regarding trial to March 11, 2021.  ECF No. 106.  The Court granted that request, and

6    reset the status hearing for March 11, 2021.  ECF No. 107.  In March, for various reasons, the parties

7    requested another extension of the status hearing until June 24, 2021.  ECF No. 112.

8        5.    On June 23, 2021, the Court on its own motion vacated and continued the June 24

9    hearing to July 1, 2021 at 10:00 a.m.  ECF No. 115.  Subsequently, new defense counsel, Ms. Marion

10   Titus, also associated into the case.  ECF No. 119.

11       6.    By this stipulation, defendant Poya Khanjan, through his counsel of record, and the

12   United States now move to request that defendant's matter be set for a future status hearing regarding

13   trial setting on August 26, 2021, at 10:00 a.m., and that current status hearing set for July 1, 2021, at

14   10:00 a.m. be vacated.

15       7.    Further, defendant also moves to exclude time between July 1, 2021, and August 26,

16   2021, under Local Code T4.

17       8.    The parties agree and stipulate, and request that the Court find the following:

18           a)    The United States has represented that the discovery associated with this case

19   includes, collectively, investigative reports, electronic discovery obtained from the search of various

20   electronic devices, audio files (many of which are in a foreign language), records from the California

21   Department of Motor Vehicles, and records from telephone providers and banks that exceed 11,000

22   pages, all of which is subject to a protective order.  The discovery also contains other physical evidence

23   seized from several search warrant locations.  In anticipation of trial, the United States will continue to

24   produce any additional discovery that is generated as the United States prepares for trial.

25           b)    Counsel for defendant, including the newly associated attorney, Ms. Titus, desire

26   time to review discovery, including the physical evidence and that which will be produced up to the trial

27   date, consult with their client who still resides in North Carolina currently, but who plans to come out

28   and review the discovery in person with his counsel again (but has not yet been able to), to conduct

1  investigation and research related to the charges, to continue to prepare pretrial motions, and to

2  otherwise prepare for trial.  Counsel also request additional time to continue discussing with their client

3  and their client's immigration counsel the potential immigration consequences.  Defense counsel has

4  also recently been handling state court criminal matters that have taken much time to prepare for and

5  then litigate, limiting their availability to work on this case.

6        c)    Further, defense counsel is not available for a status hearing on July 1, 2021,

7  given their calendars in state court, and commitments in other cases, including working on continued

8  litigation related to the COVID-19 pandemic.

9        d)    Counsel for defendant believe that failure to grant the above-requested

10 continuance would deny counsel the reasonable time necessary for effective preparation, taking into

11 account the exercise of due diligence, and would deny their client continuity of counsel.

12       e)    The United States does not object to the defendant's request.

13       f)    Based on the above-stated findings, the ends of justice served by continuing the

14 case as requested outweigh the interest of the public and the defendant in a trial within the original date

15 prescribed by the Speedy Trial Act.

16       g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

17 et seq., within which trial must commence, the time period of July 1, 2021, to August 26, 2021,

18 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it

19 results from a continuance granted by the Court at defendant's request on the basis of the Court's

20 finding that the ends of justice served by taking such action outweigh the best interest of the public and

21 the defendant in a speedy trial.

22    9.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

23 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

24 must commence.

25    IT IS SO STIPULATED.

26 ///

27 ///

28

3

1  Dated:  June 29, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15  Dated:  July 2, 2021

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILLIP A. TALBERT
Acting United States Attorney

*/s/ Rosanne L. Rust*
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys

*/s/ Marion Titus (as authorized)*
STEVE WHITWORTH
MARION TITUS
Counsel for Defendant
POYA KHANJAN

**ORDER**

The Court has read and considered the parties' Stipulation.  The Court hereby finds that the Stipulation, which the Court incorporates by reference into this Order, demonstrates facts that provide a basis to exclude time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4].   Time is excluded under the Speedy Trial Act between July 1, 2021, and August 26, 2021.

IT IS SO ORDERED.

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4