PHILLIP A. TALBERT
Acting United States Attorney
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>POYA KHANJAN, AKA<br>     "SAMEER,"<br><br>                    Defendant. | CASE NO.  2:17-CR-00212 MCE<br><br>STIPULATION TO SET MATTER FOR STATUS HEARING; ORDER |

**STIPULATION**

1. This matter is currently set for a status hearing on September 2, 2021, at 10:00 a.m.

2. By this stipulation, defendant Poya Khanjan, through his counsel of record, and the United States, through its counsel of record, now move to request that defendant's matter be set for a future status hearing on September 9, 2021, at 10:00 a.m., and that the current status hearing set for September 2, 2021, at 10:00 a.m. be vacated.

3. Further, defendant also moves to exclude time between September 2, 2021, and September 9, 2021, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

     a) The United States has represented that the discovery associated with this case includes, collectively, investigative reports, electronic discovery obtained from the search of various

1

electronic devices, audio files (many of which are in a foreign language), records from the California Department of Motor Vehicles, and records from telephone providers and banks that exceed 11,000 pages, all of which is subject to a protective order. The discovery also contains other physical evidence seized from several search warrant locations. In anticipation of trial, the United States will continue to produce any additional discovery that is generated as the United States prepares for trial.

    b) Counsel for defendant, including Ms. Titus, desire time to continue to review discovery, including the physical evidence and that which will be produced up to the trial date, consult with their client who still resides in North Carolina currently, to conduct investigation and research related to the charges, to continue to prepare pretrial motions, and to otherwise prepare for trial if the case does not resolve. Counsel also request additional time to continue discussing with their client and their client's immigration counsel the potential immigration consequences. Defense counsel has also recently been handling state court criminal matters that have taken much time to prepare for and then litigate, limiting their availability to work on this case.

    c) Counsel for defendant believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would deny their client continuity of counsel.

    d) The United States does not object to the defendant's request.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 2, 2021, to September 9, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

1  must commence.

2      IT IS SO STIPULATED.

3  Dated:  August 30, 2021                                          PHILLIP A. TALBERT
                                                                    Acting United States Attorney

                                                                    */s/ Rosanne L. Rust*
                                                                    ROSANNE L. RUST
                                                                    CHRISTOPHER S. HALES
                                                                    Assistant United States Attorneys

   Dated:  August 30, 2021                                          */s/ Steve Whitworth (as authorized)*
                                                                    STEVE WHITWORTH
                                                                    MARION TITUS
                                                                    Counsel for Defendant
                                                                    POYA KHANJAN

**ORDER**

The Court has read and considered the parties' Stipulation.  The Court finds that the Stipulation, which the Court incorporates by reference into this Order, demonstrates facts that provide a basis to exclude time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]. Time is excluded under the Speedy Trial Act between September 2, 2021, and September 9, 2021.  The Court hereby vacates the currently scheduled status hearing on September 2, 2021, at 10:00 a.m., and reschedules it for September 9, 2021, at 10:00 a.m.

    IT IS SO ORDERED.

Dated:  September 3, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE